UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ANDERSON A. PEREZ, and JUAN CARLOS
PEREZ, on behalf of themselves and others
similarly situated,

                      Plaintiffs,

             -vs-

JUPADA ENTERPRISES, INC., d/b/a
McDonald's; DETAIL SYSTEMS, INC., d/b/a
McDonald's; and DAVID MOYETT, an
individual,

                      Defendants.

------------------------------------------------------------

10 Civ. 3118

**OPINION AND ORDER**

        This is a putative class action by plaintiffs Perez and Perez ("Plaintiffs") to recover certain overtime wages allegedly owed to employees at two defendant McDonald's franchises owned by defendant Moyett (collectively "Defendants") under the federal Fair Labor Standards Act and the New York Labor Law. Following a conference held on December 16, 2010, the Court entered an order [23] directing the parties to make "letter submissions regarding the need for any protective order and a draft of any proposed order" by December 23, 2010. The dispute between the parties centers on Plaintiffs' discovery requests for wage and personnel information regarding other employees of the defendant franchises.

        By letter dated December 21, 2010, Plaintiffs opposed any protective order on the ground that, because "[w]orkers have the right under federal law to know about each others' pay rates," a protective order preventing Plaintiffs from disclosing to other

franchise employees any compensation information that Plaintiffs obtain in discovery would violate Plaintiffs' rights under the National Labor Relations Act (NLRA).

By letter dated December 23, 2010 and attaching a proposed protective order, Defendants argued that a protective order was necessary to preserve the confidentiality of "sensitive wage and compensation information of non-parties to this suit . . . ." (Defs.' Letter at 1.) Specifically, Defendants' proposed order would permit any named party to designate "personnel or personal information of current or former employees of defendant or any other individual" as confidential and thereby prevent the other named party or parties from disclosing such information to anyone other than counsel, agents of counsel, other named parties, or a court. (Defs.' Proposed Order ¶ 4.)

Under Federal Rule of Civil Procedure 26(c), a "district court has broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential." *Penthouse Int'l, Ltd. v. Playboy Enter., Inc.*, 663 F.2d 371, 391 (2d Cir. 1981). Rule 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" and that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Thus "[t]he touchstone of the court's power under Rule 26(c) is the requirement of 'good cause.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 242-43 (S.D.N.Y. 2009). "The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004).

"Ordinarily, good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (quoting *Shingara v. Skiles,* 420 F.3d 301, 306 (3d Cir. 2005)).  Defendants argue that a confidentiality order is necessary to protect the privacy interests of non-party employees in their personnel records.  Because "[l]egitimate privacy concerns exist with regard to personnel files," *Ladson v. Ulltra East Parking Corp.*, 164 F.R.D. 376, 377 n. 2 (S.D.N.Y. 1996) (noting that a protective order permitting confidentiality designations addressed concerns regarding disclosure of personnel records in race and age discrimination case), "[d]efendants clearly have a strong and legitimate interest in maintaining strict control over access to this information." *Frank v. Capital Cities Commc'ns, Inc.*, 80-CV-2188, 1987 WL 19021, at *3 (S.D.N.Y. Oct. 16, 1987) (ordering that personnel records of non-party employees remain at offices of counsel to defendant in an age discrimination class action).  Indeed, the Second Circuit has found that orders similar to Defendants' proposed order are "a proper attempt to balance the plaintiffs' desire for full disclosure of relevant information against the defendant's desire to preserve the privacy of its employees." *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 601 (2d Cir. 1986) (holding that a district court did not abuse its discretion in ordering that only plaintiffs' counsel could have access to personnel files produced by defendant in a sex discrimination class action).

Consistent with these principles, numerous courts in this Circuit have entered protective orders restricting parties who have requested such information from disseminating it to persons other their counsel and agents of their counsel.  *See*, *e.g.*, *Wright v. Aargo Sec. Serv., Inc.,* No. 99-CV-9115, 2000 WL 264326, at *1, *3 (S.D.N.Y.

3

Mar. 9, 2000) (directing, in an FLSA case, that production in response to plaintiffs' request for "[a]ny and all time and wage records related to the payment of overtime compensation to any of the Defendant's employees at its facility during the relevant time period" be "made under a protective order"); *see also, e.g.*, *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73 (S.D.N.Y. 2010) (Pitman, M.J.) (finding that "the harm that would result from the disclosure of the undisputably personal information contained in the personnel [files] establishes a particular need for protection" and granting motion by defendants in a sex discrimination class action for a protective order regarding non-party employees' personnel information); *Mitchell v. Fishbein*, 227 F.R.D. 239, 254-55 (S.D.N.Y. 2005) (Gorenstein, M.J.) (holding that public defender who alleged race discrimination could obtain personnel files related to other attorneys but ordering that "none of the materials subject to this protective order shall be filed in this Court or disclosed to any other individual unless an Order so permitting is issued by the Court"); *Mitchell v. Metro. Life Ins. Co., Inc.*, No. 03-CV-10294, 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004) ("Personnel files of Met Life employees containing personal identifying information of non-parties are to remain confidential."); *Gavenda v. Orleans County*, 182 F.R.D. 17, 25-26 (W.D.N.Y. 1997) (Scott, M.J.) (ordering plaintiff not to disclose to anyone other than counsel or agents of counsel personnel records of non-party employees produced in sex discrimination suit); *Cobb v. Rockefeller Univ.*, No. 90-CV-6516, 1991 WL 222125, at *2-*3 (S.D.N.Y. Oct. 24, 1991) (Dolinger, M.J.) (ordering production of personnel files in sex discrimination suit pursuant to a protective order limiting to disclosure to plaintiff, counsel, and agents of counsel).[1]

---

[1] *But see EEOC* v. *Morgan Stanley & Co., Inc.,* 206 F. Supp. 2d 559, 563-64 (S.D.N.Y.

Plaintiffs do not attempt to distinguish this line of cases. Nor do they cite any case in which a court has declined to issue a confidentiality order in circumstances similar to those of the present case. Rather, Plaintiffs argue that entering a confidentiality order here would prevent Plaintiffs from exercising their rights under the NLRA to discuss their pay rates with fellow employees. "A rule prohibiting employees from communicating with one another regarding wages, a key objective of organizational activity, undoubtedly tends to interfere with the employees' right to engage in protected concerted activity." *NLRB v. Main Street Terrace Care Center*, 218 F.3d 531, 537 (6th Cir. 2000). Accordingly, the Courts of Appeals—including the Second Circuit—have consistently upheld administrative orders against employers who institute such a rule. *See NLRB v. Vanguard Tours, Inc.*, 981 F.2d 62, 66-67 (2d Cir. 1992) (upholding finding that an employer's "rule prohibiting employees from making statements concerning wages" and other terms of employment constituted an unfair labor practice); *see also*, *e.g.*, *Cintas Corp. v. NLRB*, 482 F.3d 463 (D.C. Cir. 2007) (upholding National Labor Relations Board determination that an employer's rule that was likely to chill employees' discussion of wages constituted an unfair labor practice under the NLRA); *Double Eagle*

---

2002), *aff'd* 2002 WL 1431685 (S.D.N.Y. July 1, 2002). The court in that case denied defendants' "request to limit disclosure of compensation and promotion data to actual class members or claimants" in a sex discrimination suit. 206 F. Supp. 2d at 263. The court reasoned that "[b]ecause compensation and promotion data is such a closely guarded secret, many women may not know definitively if they were victims of discrimination," there was "a legitimate need to show these potential class members relevant information to help them decide if they were victims of discrimination, and ultimately, whether to file a claim and seek EEOC representation." *Id.* at 564. However, unlike the wage discrimination claims there, Plaintiffs' claims for unpaid wages do not depend even in part "on a statistical analysis of promotion and compensation data of an entire class." 2002 WL 1431685, at *1. And "[i]n order to protect the confidential nature of the compensation data," the court in that case ordered that "all class members must sign a confidentiality agreement before viewing the data in question." 206 F. Supp. 2d at 564.

*Hotel & Casino v. NLRB*, 414 F.3d 1249, 1260 (10th Cir. 2005) ("Furthermore, because the 'Communication' rule prohibits communicating 'confidential information,' employees could reasonably interpret it to prevent discussion of salary information, and therefore it is also unlawful."); *Wilson Trophy Co. v. NLRB*, 989 F.2d 1502, 1510 (8th Cir. 1993) (noting that "an unqualified rule barring wage discussions among employees without limitations as to time or place is presumptively invalid under the Act"); *Jeannette Corp. v. NLRB*, 532 F.2d 916, 919-20 (3d Cir. 1976) ("Accordingly, we sustain the Board's finding that the Company's rule broadly prohibiting discussion of wages among employees is an unfair labor practice . . . .").

However, it does not necessarily follow that a protective order would be equally invalid. An *employer*'s rule prohibiting employees from discussing wages is invalid because it constitutes an unfair labor practice under the NLRA. But under the NLRA, the term employer "includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States . . . ." 29 U.S.C. § 152. Nevertheless, Defendants appear to concede that a confidentiality order would be unwarranted to the extent that it would prevent Plaintiffs or other employees who have decided to join this suit from discussing their own wages with other employees. (*See* Defs.' Letter at 2.)

Defendants' proposed order would not entirely prevent Plaintiffs from doing so. The proposed order provides that "[n]o information . . . which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed 'Confidential' or 'Highly Confidential' under this Order." (Defs.' Proposed Order ¶ 11.) The proposed order would therefore leave Plaintiffs free to discuss what they already

6

know with other current or former employees or with anyone else.  On the other hand, if Defendants designated as confidential Plaintiffs' *own* personnel files and compensation information, the proposed order could be read to prevent Plaintiffs from discussing what, if anything, they learn from Defendants' production of that information.  Accordingly, Defendants' proposed order should not issue to the extent that it would allow Defendants to designate as confidential Plaintiffs' *own* personnel files and compensation information.

But Plaintiffs have requested far more.  According to Defendants, Plaintiffs have requested records of 910 other employees.  These records stand on a different footing because the same right that gives Plaintiffs the freedom to discuss compensation with other employees and disclose information regarding their compensation gives other employees the freedom *not* to discuss or disclose their own compensation with Plaintiffs or with anyone else.  Non-party employees have not had an opportunity to assert their right to keep private their personnel and compensation information.  Defendants' proposed order preserves that privacy right without inhibiting any of Plaintiffs' rights.  Nothing in Defendants' proposed order prevents Plaintiffs from employing their own investigative methods to contact other current or former employees and discuss Plaintiffs' wages or what wages the other employees were paid (or not paid) by Defendants.  No provision of the proposed order would prevent employees so inclined from discussing either subject with Plaintiffs.  And if any employee asks to examine or agrees to disclose his or her information, the proposed order permits Plaintiffs to request that Defendants consent to such a request, or, if necessary, move for an order granting the request.  But where non-party employees have not yet been able to make that decision on their own, the proposed order properly prevents Plaintiffs from disclosing compensation and

personnel information of non-party employees who might choose to keep that information private.

In sum, the Court finds that, with the exception of information regarding Plaintiffs, an order permitting applicable to "personnel or personal information of current or former employees of defendant or any other individual" is warranted in this case. The parties are directed to confer regarding the form of such an order and file an agreed upon order within ten (10) days.

SO ORDERED.

Dated: New York, New York
February 14, 2011

_____
Richard J. Holwell
United States District Judge