```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                           :
ANDERSON A. PEREZ and JUAN CARLOS PEREZ,                   :
on behalf of themselves and others similarly situated,     :
                                                           :
                                              Plaintiffs,  :
                                                           :
                  -v-                                      :
                                                           :
JUPADA ENTERPRISES, INC., d/b/a McDonald's;                :
DETAIL SYSTEMS, INC., d/b/a McDonald's; and                :
DAVID MOYETT, an individual,                               :
                                                           :
                                              Defendants.  :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/25/2012

10 Civ. 3118 (JMF)

MEMORANDUM
OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

On December 6, 2011, Plaintiffs in this action, brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, moved for preliminary approval of settlement, conditional certification of a class action for purposes of settling the NYLL claims, appointment of Plaintiffs' counsel as class counsel, and approval of Plaintiffs' proposed notice of settlement and class action settlement procedure.[1] Under Rule 23 of the Federal Rules of Civil Procedure and the FLSA, the Court

---

[1] The Plaintiffs' motion seeks to certify a class action only with respect to their state law claims. That is because FLSA claims cannot be pursued as a class action. As the Second Circuit has explained:

> Under the FLSA, a plaintiff may bring a "collective action" for his or her FLSA claims. Collective actions under the FLSA are actions that allow employees to sue on behalf of themselves and other employees who are "similarly situated." 29 U.S.C. § 216(b) (2006). The FLSA requires, however, that an employee affirmatively consent to join a "collective action" in order to assert a claim . . . . The NYLL, on the other hand, does not have a provision for collective actions. Instead, plaintiffs may pursue a traditional "opt-out" class action through class certification for their state law claims . . . . Because FLSA and NYLL claims usually revolve around the same set of facts, plaintiffs frequently bring both types of claims together in a single action using the procedural mechanisms available under 29 U.S.C. § 216(b) to pursue the FLSA claims as a collective action and

must, among other things, direct notice in a reasonable manner to all class members who would be bound by the proposal and must scrutinize the proposed settlement to ensure that it is fair, reasonable, and adequate. *See* FED. R. CIV. P. 23(e)(1)-(2); *see also, e.g.*, *Wolinsky v. Scholastic Inc.*, 11 Civ. 5917 (JMF), 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012).

On June 25, 2012, the parties appeared for a conference before the Court. Pursuant to discussion on the record, the Court denied Plaintiffs' motion without prejudice based on concerns about various provisions in the proposed settlement and notice to class members. The parties were directed to edit and re-file their motion, along with additional submissions, by July 9, 2012. Among other things, the Court ordered the parties to provide justification for the proposed award of attorney's fees and for their claim that the notice requirements of the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715, do not apply to this case. Plaintiffs timely re-filed their motion and submitted the requested documents after consultation with Defendants.

## I.     Notice to State and Federal Officials Pursuant to CAFA

As an initial matter, the Court concludes that the notice requirements set forth in Section Three of CAFA and codified at Title 28, United States Code, Section 1715(b) do apply in this case. To the extent relevant here, that provision states that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official" — as those terms are defined in Section 1715(a) — "a notice of the proposed settlement" consisting of certain enumerated materials. The

---

      under Rule 23 to pursue the NYLL claims as a class action under the district
      court's supplemental jurisdiction.

*Salim Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 243-244 (2d Cir. 2011) (citation omitted).

2

term "class action" is defined, in turn, by Section 1711 to broadly include "*any* civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure[.]" 28 U.S.C. § 1711 (emphasis added). This case, of course, is a civil action filed under Rule 23. On its face, therefore, CAFA's notice provision would seem to apply.

To be sure, the Supreme Court and the Second Circuit have cautioned that the word "any" in a statute does not always deserve a "broad interpretation." *ACLU v. Dep't of Defense*, 543 F.3d 59, 68-69 (2d Cir. 2008) (discussing cases), *vacated on other grounds by* 130 S. Ct. 777 (2009). Instead, an expansive application of the word is warranted only "where the surrounding statutory language and other relevant legislative context support it." *Id.* at 69. But that is the case here. First, there is "'no intimation' in the statute as a whole that Congress meant otherwise." *Id.* (quoting *United States v. Gonzales*, 520 U.S. 1, 9-10 (1997)). And second, interpreting the notice requirements set forth in Section 1715(b) (which were one of several procedural protections enacted by CAFA) to apply to any and all class actions filed in or removed to federal court is consistent with one of Congress's main purposes in enacting CAFA: "to . . . assure fair and prompt recoveries for class members with legitimate claims." Pub. L. No. 109-2, § 2, 119 Stat. 4, codified at 28 U.S.C. § 1711 Note; *see also id.* (finding, among other things, that "[o]ver the past decade, there have been abuses of the class action device that have . . . harmed class members with legitimate claims and defendants that have acted responsibly"); S. Rep. No. 109-14, at 27 (describing CAFA as, in part, an "attempt to address a number of the problems and abuses in the [then] current class action system"), *reprinted in* 2005 U.S.C.C.A.N. 3, 27. Put simply, there is no reason to think that Congress would have enacted procedural protections to curb perceived abuses of the class action device, but then limited those procedural protections to a small subset of the class actions litigated in federal court.

In arguing otherwise, Plaintiffs contend that CAFA applies only if a case involves "more than 100 *actual* named plaintiffs or more than $5,000,000 in controversy." (Letter from Penn Dodson to the Court, dated July 2, 2012, at 1). Notably, however, the only authority they cite in support of that position is a corporate law firm's April 2005 "Client Alert," which is obviously not legal authority upon which a court can or should rely (and which does not clearly support Plaintiffs' point in any event). More fundamentally, Plaintiffs' argument rests on conflating two distinct provisions of CAFA: Section Four, which amended the diversity jurisdiction statute to provide for original federal jurisdiction over certain interstate class actions in which the amount in controversy exceeds $5,000,000 and involves 100 or more class members, *see* Pub. L. No. 109-2, § 4, 119 Stat. 4, codified at 28 U.S.C. § 1332(d), and Section Three, which enacted various procedural protections for class actions, including the notice requirements at issue in this case, *see id.* § 3, codified at 28 U.S.C. §§ 1711-1715. Nothing in the text of either section suggests that the procedural protections in Section Three are limited to the subset of class actions falling within the new provision of the diversity statute.[2] To the contrary, as noted above, the plain terms of Section Three indicate that it applies to "any" class action filed in or removed to federal court. "[W]here, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 568 (2d Cir. 2011) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)).

---

[2]   Section Three of CAFA is admittedly titled "Consumer Class Action Bill of Rights and Improved Procedures for Interstate Class Actions." But inclusion of the word "Interstate" in the title does not suggest that the notice requirements in Section 1715(b) should be limited to interstate class actions, let alone interstate class actions of a certain size or scope. The word merely reflects the fact that some provisions of Section Three are, on their face, aimed at concerns more likely to arise in class actions spanning multiple states. *See, e.g.*, 28 U.S.C. § 1714 (prohibiting court approval of a proposed settlement that provides for payment of greater sums to some class members "solely on the basis" that they "are located in closer geographic proximity to the court"). In any event, "the title of a statute and the heading of a section cannot limit the plain meaning of the text." *Scope, Inc. v. Pataki*, 386 F. Supp. 2d 184, 193 (W.D.N.Y. 2005) (quoting *Bhd. of R.R. Trainmen v. Balt. & Ohio R.R.*, 331 U.S. 519, 528-529 (1947)).

4

Although no court appears to have addressed the question presented here explicitly, this reading of CAFA is supported by cases in which notice was given pursuant to Section 1715(b) even though the amount in controversy did not exceed $5,000,000 or jurisdiction was not premised on Section Four of CAFA. *See, e.g.*, *Hopson v. Hanesbrands*, No. CV-08-0844 EDL, 2008 WL 3385452, at *1, 3 (N.D. Cal. Aug. 8, 2008) (explaining that defendants complied with CAFA's notice requirements in a case with a proposed settlement of $400,000 representing 39% of the maximum recovery); *Catala v. Resurgent Capital Services L.P.*, Civ. 08 CV 2401 NLS, 2010 WL 2524158, at *8 (S.D. Cal. June 22, 2010) (noting compliance with CAFA's notice requirements in a case filed pursuant to the Fair Debt Collection Practices Act). It is also supported by commentary on CAFA. *See, e.g.*, Steven M. Puiszis, *Developing Trends with the Class Action Fairness Act of 2005*, 40 J. MARSHALL L. REV. 115, 167 n.314 (2006) (explaining that "the notification requirements found in §1715(b) are not limited to class actions where federal court jurisdiction is based on CAFA's revised diversity rules but to *any* federal court class action") (emphasis added); *accord* Sarah S. Vance, *A Primer on the Class Action Fairness Act of 2005*, 80 TUL. L. REV. 1617, 1634 (2006); Robert H. Klonoff & Mark Herrmann, *The Class Action Fairness Act: An Ill-Conceived Approach to Class Settlements*, 80 TUL. L. REV. 1695, 1709 (2006). No doubt, there are class action cases in which courts failed to order notice pursuant to CAFA. But that fact alone is unremarkable, both because the statute is relatively new and because the parties that are most likely to raise an argument about notice under Section 1715(b) — namely, absent class members — are, by definition, not before the court when a proposed settlement is filed. In the absence of a court raising the issue *sua sponte* (as the Court did in this case), the issue is simply unlikely to arise.

## II. Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, and Appointment of Class Counsel

Turning to the heart of the parties' motion, having reviewed the Joint Settlement Agreement ("Settlement Agreement") and the parties' additional submissions, the Court grants preliminary approval of the Settlement Agreement and conditional certification of the settlement class based upon the terms set forth in the parties' Settlement Agreement. Plaintiffs appear to meet all the requirements for class certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. And at this juncture, the proposed settlement appears to be fair, reasonable, and adequate to the Settlement Class and is presumptively valid, subject to any objections that may be raised at the final hearing and to final approval by this Court. *See In re Currency Conversion Fee Antitrust Litig.*, No. M 21-95, 2006 WL 3247396, at *5 (S.D.N.Y. Nov. 8, 2006) ("Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the reasonable range of approval, preliminary approval is granted.") (quoting *In re Nasdaq Market-Makers Antitrust Litig.*, No. 94 Civ. 3996 (RWS), 1997 WL 805062, at *7 (S.D.N.Y. Dec. 31, 1997)) (internal quotation marks omitted).

Further, the Court appoints Plaintiffs' counsel to be Class Counsel and preliminarily approves Class Counsel's request for attorney's fees as set forth in the Settlement Agreement. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) ("In deciding whether counsel is 'adequate' to represent the class, a court must consider 'the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class.'") (quoting Fed. R. Civ. P. 23(g)); *In re Herald, Primeo, & Thema Sec. Litig.*, 09 Civ. 289

(RMB), 2011 WL 4351492, at *4 (S.D.N.Y. Sept. 15, 2011) ("At the preliminary approval stage, [c]ourts assess the reasonableness of attorneys' fees to protect class members from unfair settlements and require the party seeking such fees to explain to th[e] Court why . . . a large percentage of the [s]ettlement [f]und should be given to the . . . attorneys.") (internal quotation marks and citations omitted).

The Court is not prepared, however, to approve the proposed notice to potential class members and the proposed form for opting out of the settlement class in their current forms. Attached to this Order are a revised notice and opt-out form containing proposed edits made by the Court. (Should the parties desire "redlined" versions revealing the proposed edits, they may contact the Court to obtain them.) The parties shall have until **Friday, August 3, 2012**, to file any objections to the Court's proposed revisions to the notice and form.

### III.   Redaction of the Parties' Letters

Finally, the parties have submitted two letters to the Court, dated June 13, 2012, and July 2, 2012, regarding the proposed settlement and have requested that the letters be kept confidential because they address settlement of the named plaintiffs' retaliation claims, which are not subject to Court approval. The parties' request is supported by the interest in preserving the confidentiality of settlement discussions where settlement does not require Court approval. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (explaining that "when the settlement documents were not filed with the court and were not the basis for the court's adjudication . . . honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage"); *cf. Wolinsky*, 2012 WL 2700381, at *4 (holding that where court approval of a proposed settlement is required, the common law right of access to judicial documents often requires disclosure of the proposed settlement agreement).

The sealing of a judicial document, however, must be "narrowly tailored" to the interests justifying that sealing. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Here, in light of that principle, there is no basis to seal the parties' letters in their entirety. Accordingly, it is hereby ORDERED that, on or before **August 3, 2012**, the parties shall submit proposed redactions of the two letters to the Court for its consideration. The parties are directed to Rule 4(A) of the Court's Individual Rules and Practices in Civil Cases (available at http://nysd.uscourts.gov/judge/Furman) for guidance on how to submit proposed redactions for Court review.

## CONCLUSION

For the reasons stated above, preliminary approval of the Settlement Agreement and conditional certification of the settlement class is hereby granted. Plaintiffs' counsel's motion to be appointed Class Counsel is also granted. The Court preliminarily approves Class Counsel's request for attorney's fees as set forth in the Settlement Agreement.

The parties shall have until **Friday, August 3, 2012**, to file (1) any objections to the Court's proposed revisions to the notice to potential class members and the form for opting out of the settlement class; and (2) proposed redactions of the letters dated June 13, 2012, and July 2, 2012. If the parties have no objections to the notice and opt out form as revised by the Court, the parties shall submit a proposed order to the Court consistent with the rulings set forth above by **August 3, 2012**. The parties shall submit the proposed order in .pdf format by e-mail to the Orders and Judgments Clerk and in Microsoft Word format by e-mail to the Court.

Finally, pursuant to Title 28, United States Code, Section 1715, and mindful that the proposed settlement has already been filed in this Court, Defendants are hereby ORDERED to provide notice to the appropriate State and Federal officials within ten (10) days of this order.

SO ORDERED.

Dated: July 25, 2012
New York, New York

/s/ Jesse M. Furman
JESSE M. FURMAN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDERSON A. PEREZ and JUAN CARLOS PEREZ, on behalf of themselves and others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>JUPADA ENTERPRISES, INC., d/b/a McDonald's; DETAIL SYSTEMS, INC., d/b/a McDonald's; DAVID MOYETT, an individual,<br><br>DEFENDANTS. | FILE NO. 1:10-CV-03118-JMF |

# NOTICE BY FEDERAL COURT TO CURRENT & FORMER EMPLOYEES OF JUPADA ENTERPRISES OR DETAIL SYSTEMS McDONALD'S RESTAURANTS

\*\*\* **If you have worked for the McDonald's restaurant located either at 1 West Mt. Eden Ave., Bronx, New York 10452 (affiliated with Jupada Enterprises and/or David Moyett) or 2065 Jerome Ave., Bronx, New York 10453 (affiliated with Detail Systems, Inc. and/or David Moyett) at any time from April 14, 2004 to the present, you could receive a settlement payment from a class and collective action related to alleged nonpayment or underpayment of wages.**\*\*\*

A federal court authorized this notice. This is not a solicitation from a lawyer.

Some former workers have sued Jupada Enterprises, Detail Systems, Inc., and David Moyett ("Defendants"), claiming that they violated the federal Fair Labor Standards Act and the New York Labor Law by not paying their employees overtime wages correctly.

The employees who filed the suit and the Defendants have reached a settlement of the lawsuit. The defendants have agreed to pay up to a total of $106,500 to settle this lawsuit relating to current and former employees who qualify. Defendants deny any wrongdoing, but have decided to settle the case.

1

The Court has not decided who is right and who is wrong and the Court has yet to decide whether to approve the settlement. Payments will be made only if the Court approves the settlement and after all appeals, if any, are resolved.

Based on the formula created in the settlement, you may be entitled to receive some amount of the settlement proceeds if you qualify. The amount you receive will depend on the number of underpaid overtime hours you worked for Defendants and what amounts the Court approves.

State and Federal Law prohibit defendants from retaliating against any current or former employee who participates in this settlement.

Your immigration status does not affect your ability to participate in the settlement.

You now have a choice to make. What you decide may affect your legal right to file a lawsuit in the future. The following is a quick breakdown of your options. These options and their consequences are explained in more detail below:

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

- IF YOU DO NOTHING:

    o You will remain part of the case and will receive a check in the amount the Court approves under the settlement.

    o You will be considered to have agreed that you will not sue under the New York Labor Law for the claims covered by the settlement and related to the covered time period.

    o You will, however, retain your right to sue under the federal Fair Labor Standards Act for the claims covered by the settlement and related to the covered time period UNLESS AND UNTIL you cash the settlement check you receive.

    o If you cash the settlement check you receive, you will be considered to have agreed to be bound by the terms of the settlement, including agreeing that you will not sue any of the Defendants, under either state or federal law, for the claims that are covered by the settlement and related to the covered time period.

    o If you do not cash the check you receive, you will still be considered to have agreed that you will not sue under the New York Labor Law for the claims covered by the settlement and related to the covered time period. Again, you would not be waiving your rights under federal law. This is due to a procedural difference between the state and federal wage laws.

        ▪ Note that if you choose not to cash the settlement check and to pursue your right to sue under the federal Fair Labor Standards Act, you must pursue your own litigation within the period prescribed by law (i.e., within

2

> two years from when the alleged underpayment occurred or three years if you can prove that the underpayment was "willful").

- IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT:

    o You will receive no settlement check;

    o You will not be allowed to object to the terms of this settlement, since you will not be a part of it;

    o You will retain your right under *both* federal and state law to sue for the claims covered by the settlement and related to the covered time period.

**YOUR LEGAL RIGHTS AND OPTIONS IF YOU DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT**

- YOU MAY OBJECT TO THE SETTLEMENT (e.g., you may object if you do not think the settlement amount is fair):

    o You may write to the Court about why you do not like the settlement. The Court will take your opinion into consideration when coming to its decision about whether to approve the settlement. Remember, you can only object to the settlement if you remain part of the settlement class.

- YOU MAY ATTEND AND ASK TO SPEAK AT THE FAIRNESS HEARING

    o The Court will hold a fairness hearing with respect to the fairness of the proposed settlement on November 20, 2012, at 3:00 pm. If you remain part of the class, you may ask to speak in court about the fairness of the settlement. If you exclude yourself from the class, you may not speak in court about the fairness of the settlement because you are not part of it.

These rights and options — and the deadlines to exercise them — are explained further in this notice.

**BASIC INFORMATION**

**1. Why did I get this notice?**
Jupada and/or Detail's records show that you worked as an hourly employee at some point between April 14, 2004 and April 13, 2011, and may not have received the correct amount of overtime pay.

The Court overseeing this lawsuit is the United States District Court for the Southern District of New York. The Honorable Jesse M. Furman, United States District Judge, is presiding over this lawsuit. The lawsuit is known as *Perez, et. al., v. Jupada Enterprises, Inc., et al.*, Case No. 1:10-cv-03118-JMF. The people who filed the lawsuit are called "Plaintiffs" and Jupada, Detail and

3

Moyett are called the "Defendants."

The Court ordered Plaintiffs and Defendants to send you this notice because you have a right to know about a proposed settlement of this class and collective action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, after objections and appeals are allowed, payments will be mailed to class members who do not exclude themselves (as explained in the Section entitled "EXCLUDING YOURSELF FROM THE SETTLEMENT").

**2. What is the lawsuit about?**
The Plaintiffs alleged that Defendants failed to pay hourly workers proper overtime pay for all the hours that they worked over 40 in a workweek. Defendants deny that they did anything wrong.

**3. Why is this a class action?**
In a class action, one or more people called Class Representatives sue on behalf of people who have the same or similar claims. The people with the same or similar claims are called Class Members. One court resolves the issues for all Class Members, except those who exclude themselves from the Class, as explained in the Section entitled "EXCLUDING YOURSELF FROM THE SETTLEMENT" below. This lawsuit is brought as a class action on behalf of many people who may have similar claims.

**4. Why is there a settlement?**
The Court did not decide in favor of Plaintiffs or Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Instead, Plaintiffs and their attorneys reviewed detailed payroll records, and other work records provided to them by Defendants, and cross-checked them with other pay records. Based on this data, attorneys for Plaintiffs and Defendants extensively negotiated the terms of the settlement, exchanged legal research and briefs and, after utilizing the services of an impartial mediator, both sides agreed to a settlement. That way they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

**5. How do I know if I am part of the settlement?**
You are automatically a member of the Class if you worked at either Jupada or Detail as an hourly-paid worker and did not receive overtime pay for all overtime worked for Defendants between April 14, 2004, and April 13, 2011. Defendants' records indicate that you are part of the Class.

**6. What if I am still not sure whether I am included?**
If you are still not sure whether you are included, you can call or write to Class Counsel, Goldberg and Dohan, LLP, at the phone number or address listed below.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

4

**7. What does the settlement provide?**
Under the settlement, Defendants have agreed to pay Class Members who do not exclude themselves, based on the number of unpaid overtime hours they worked for Defendants between April 14, 2004, and April 13, 2011.

**8. How much will my payment be?**
Based on the formula in the settlement agreement, if you do not exclude yourself you will be entitled to receive some money. The amount depends on several things (including how long you worked, how many overtime hours may have been underpaid, how many people respond to this notice, etc.). Specifically, this is how the money will be divided up:

  a. If the amount to be distributed to Eligible Class Members, after litigation costs and attorney fees have been taken out (an amount which is called the Net Settlement Amount) is <u>greater than or equal to</u> the total amount of the Eligible Class Members' claims, each Eligible Class Member will receive the full amount calculated to be due to him or her.

  b. If the Net Settlement Fund amount is <u>less than</u> the total amount of the Eligible Class Members' claims, then the Net Settlement Fund will be divided pro rata among the Eligible Class Members. This means that each Eligible Class Member will receive a percentage of his or her actual claim. The actual amount will be determined by multiplying the Net Settlement Amount by a fraction, and that fraction will be derived by making each Eligible Class Member's claim the numerator and the Net Settlement Fund amount the denominator.

**9. What do I need to know about taxes?**
Part of the payment you receive will be for back wages allegedly owed and as such will look like a regular paycheck, including deductions. If you want to submit an updated W-4 form to make sure that your withholdings are based on current information, you may obtain one by printing one out from http://www.irs.gov/pub/irs-pdf/fw4.pdf or by contacting Class Counsel to have one sent to you. If you choose to do this, you must return these to Class Counsel within 60 days of this mailing. If you do not submit a revised one, your withholdings will be calculated using the most recent information in the Defendants' possession. If Defendants do not have such information, withholdings will be based on the assumption of New York City residency and zero allowances. If you have other questions about taxes, you should consult your own accountant or tax professional. The Class Counsel are not tax lawyers and cannot give you advice about your taxes.

**HOW YOU GET A PAYMENT**

**10. How can I get my payment?**
You do not need to do anything to receive the payment that is discussed in Paragraph 8. If you choose to exclude yourself (as explained in the Section entitled "EXCLUDING YOURSELF FROM THE SETTLEMENT" below), then you will not receive a payment. If your address has changed or will change, you must notify Class Counsel.

**11. When will I get my payment?**
The Court will hold a fairness hearing on November 20, 2012, at 3 p.m. to decide whether to approve the settlement. If the Court approves the settlement, then your payment will be mailed to you within 30 days of the Court's approval order unless there is an appeal.

**12. What do I have to do to participate?**
You do not need to do anything to participate. If you do nothing, you will automatically remain in the Class and will receive payment pursuant to the settlement if it is approved by the Court.

**13. What am I giving up by staying in the Class?**
Unless you exclude yourself (as explained in the Section entitled "EXCLUDING YOURSELF FROM THE SETTLEMENT" below), you will remain in the Class. Unless and until you cash the settlement check, you will retain your right to sue under federal law. You give up your right to sue under the state law, however, if you do not exclude yourself from the settlement.

By remaining in the Class, all of the Court's orders with respect to the Class will apply to you and legally bind you.

The Settlement Agreement provides that upon the Court's Final Approval of the settlement, all Class Members who do not timely opt out of this lawsuit fully release and discharge Defendants and their affiliates, and their officers, directors, employees, consultants, agents, representatives and assigns, in such capacity, of and from any and all claims, liabilities, demands or causes of action, known or unknown, that he/she may have against them for overtime compensation for the performance of labor or services for Defendants, arising up to and including April 13, 2011.

As stated above, however, you will retain your right to sue Defendants under the federal law (but not the state law) unless and until you cash the settlement check. If you cash the settlement check you will be deemed to have (a) provided your written consent to join this litigation, and (b) released your Fair Labor Standards Act claims against Defendants that arose up to and including April 13, 2011.

The following is the language in the settlement agreement of specifically what it is you will be releasing:

> ***Limited Release by Class Members Other Than Named Plaintiffs:*** Upon the final approval by the Court of this Agreement, and except as to such rights or claims as may be created by this Agreement, Plaintiffs and all other Class Members (1) whose Notice has not been deemed Undeliverable; (2) who have not opted out of this Agreement in a timely manner, and (3) who have accepted and negotiated ("cashed") their checks fully release and discharge Defendants from any and all individual or class and collective action wage and hour claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, punitive damages, interest, penalties, actions, or causes of action, whether known or unknown, contingent or non-contingent, that were alleged or could have been alleged in the Litigation on or before the end of the relevant Covered Period, including all claims related to unpaid wages, unpaid overtime, missed meal and rest periods, unrecorded time, nonpayment or inaccurate payment of wages under any federal, state or local law, failure to pay the spread of hours premium, wage records and record keeping, waiting time penalties, unfair competition, fraud, concealment, misrepresentation, failure to enforce

consistent corporate policies, breach of any express or implied contract, any tort-based claims for back or front pay, interest and other civil penalties, under the New York Labor Law, Fair Labor Standards Act, and all other wage and hour laws and regulations, state and local wage and hour laws, regulations, orders and common law in New York resulting from their employment in any hourly position at any of Defendants' restaurants, at any time during the Covered Period. This release will have *res judicata, collateral estoppel,* claim preclusive, and/or issue preclusive effect as to all claims made by or on behalf of any Class Member who has not submitted a valid exclusion or opt-out letter, or that are made, attempted, threatened to be made, continue to be made, or that could have been made at any time. In order to achieve a full and complete release of Defendants as to all claims arising from or related to this Litigation, the Plaintiffs and Class Members acknowledge that this Agreement is meant to include in its effect all wage and hour claims that were or could have been asserted in the Litigation on or before the end of the Covered Period, including claims that the Plaintiffs and Class Members do not know or suspect to exist in his or her favor against Defendants. The Class Members who have not opted-out of this Agreement in a timely manner, expressly waive any claim or right to assert hereafter that any claim, demand, obligation, and/or cause of action has, through ignorance, oversight, or error, been omitted from the terms of this Agreement. This Release shall not extend to claims related to workers' compensation or discrimination or any other claims unrelated to the payment of wages pursuant to the FLSA or NYLL.
**Check Endorsement Indicates Release of State and Federal Claims.** The Class Notice informs Class Members that when they sign or endorse their settlement checks they will be deemed to have provided their written consents to join this matter and release their Fair Labor Standards Act claims as well as their New York Labor Law claims.
**Undeliverable Notices.** If a Notice is deemed Undeliverable, no check shall be sent to such Class Member. Such Class Member shall be understood to have not received notice and therefore release no claims.
**Delivered, Uncashed Checks.** If a Notice is not returned as Undeliverable, a check shall be sent to such Class Member. If such check is not cashed within the specified period, the Payee shall be deemed to have waived the specified NYLL rights as a participant in the NYLL class but shall not be deemed to have waived any rights under the federal FLSA.

## **EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want to give up the right to sue or continue to sue Defendants under the New York Labor Law on your own about the legal issues in this case, then you must exclude yourself from the Class. The process of excluding yourself is also sometimes referred to as "opting out" of the Class. If you do not want to give up the right to sue or continue to sue Defendants under the Fair Labor Standards Act on your own about legal issues in this case related to the covered time period, then the only thing you have to do is not cash the settlement check.

### **14. How do I opt out of the settlement?**
To exclude yourself from the settlement, you must first send either the enclosed Exclusion Form or a letter by U.S. mail saying that you want to be excluded from *Perez et al. v. Jupada et al*, 1:10-cv-03118-JMF. Be sure to include your name, address, telephone number, and your signature. Your exclusion request must be postmarked no later than [INSERT DATE 60 DAYS FROM DATE OF MAILING], 2012 and must be mailed to Class Counsel, Goldberg & Dohan LLP, at the address listed below.

DO NOT SEND THE EXCLUSION FORM OR SUCH A LETTER UNLESS YOU WISH TO EXCLUDE YOURSELF FROM THE CLASS.

IF YOU WANT TO RECEIVE A SETTLEMENT PAYMENT, DO NOT SEND THE EXCLUSION REQUEST FORM OR A LETTER SAYING YOU WANT TO BE EXCLUDED.

If you ask to be excluded, you will not receive a settlement payment and you will not be able to object to the settlement. You will not, however, be legally bound by anything that happens in this lawsuit and you may be able to sue (or continue to sue) Defendants in the future. If you wish to exclude yourself in order to file an individual lawsuit against the Defendants, you should

7

speak to a lawyer as soon as possible because your claims are subject to a statute of limitations (i.e. time limit).

**15. If I don't exclude myself, can I sue Defendant for the same thing later?**
It depends. If you do not exclude yourself, you give up any rights to sue the Defendants under the New York Labor Law for the same claims in this case during the covered time period. You do not give up your rights to sue under the federal Fair Labor Standards Act unless and until you cash your settlement check.

**16. What if I have a pending lawsuit against one or more of the Defendants?**
If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is _____[INSERT DEADLINE], 2012.

**17. If I exclude myself, can I get money from this settlement?**
No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## THE LAWYERS REPRESENTING YOU

**18. Do I have a lawyer in this case?**
The Court decided that the lawyers that brought the lawsuit, the law firm of Goldberg & Dohan, LLP, are qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit.

**19. How will the lawyers be paid?**
Class Counsel will ask the Court to approve as payment of Class Counsel's attorneys' fees up to 33% of the total settlement amount. Defendants have agreed to pay those fees. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of up to $4,000 for their out of pocket costs.

## OBJECTING TO THE SETTLEMENT

**20. How do I tell the Court that I don't like the settlement, or some part of the settlement?**
If you remain part of the Class, you can object to the settlement if you don't like any part of it, and you can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must send a letter via U.S. Mail saying that you object to the settlement in *Perez, et. al., v. Jupada Enterprises Inc., et al* Case No. 1:10-03118-JMF. Be sure to include your name, address, telephone number, your signature, and the reasons why you object to the settlement. Mail the objection via U.S. Mail to Class Counsel:

      Penn Dodson, Esq.

8

>Goldberg and Dohan, LLP
>275 Madison Ave, Suite 705
>New York, NY 10016

Your letter must be postmarked no later than _____, 2012.

**21. What's the difference between objecting and excluding myself?**
Objecting to the settlement is simply telling the Court that you don't like something about the settlement (e.g., the amount). You can object to the settlement only if you remain in the Class. Excluding yourself from the settlement is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no reason or basis to object to the settlement because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**22. When and where will the Court decide whether to approve the settlement?**
The Court will hold a fairness hearing at 3 p.m. on November 20, 2012, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 26A.

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take.

**23. Do I have to go to the hearing?**
No. Class Counsel will represent you at the hearing. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court either. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer (an attorney other than Class Counsel) to attend, but that is not necessary.

**24. May I speak at the hearing?**
Yes, with the Court's permission you may speak at the Fairness Hearing. To ask the Court for permission you must send a letter via U.S. Mail stating, "Notice of Intention to Speak, *Perez, et. al., v. Jupada Enterprises Inc., et al* Case No. 1:10-03118-JMF." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2012 and be sent to Class Counsel at the address below. Remember that you cannot speak at the hearing if you exclude yourself from the settlement.

**GETTING MORE INFORMATION**

**25. Are there more details about the settlement?**
Yes. You can obtain more information about the settlement — or obtain a copy of the settlement

9

agreement — by contacting Class Counsel at the address and/or telephone number listed below. Do not call or write the Court or the Clerk's Office with questions.

Penn U. Dodson, Esq.
GOLDBERG & DOHAN, LLP
275 Madison Ave., Ste. 705
New York NY 10016
(800)719-1617 ext. 1038
*pdodson@goldbergdohan.com*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANDERSON A. PEREZ** and <br> **JUAN CARLOS PEREZ,** <br> on behalf of themselves and others similarly situated, <br><br>      **PLAINTIFFS,** <br><br> v. <br><br> **JUPADA ENTERPRISES, INC.,** d/b/a McDonald's; <br> **DETAIL SYSTEMS, INC.,** d/b/a McDonald's; <br> **DAVID MOYETT,** an individual, <br><br>      **DEFENDANTS.** | **FILE NO. 1:10-CV-03118-JMF** |

**EXCLUSION REQUEST**

**IMPORTANT NOTE:** You should fill out and send this form ONLY if you wish to exclude yourself from this lawsuit. If you submit this form, you will not lose any of your rights under federal or state law, but you will not receive any payment in connection with the proposed settlement either. If you wish to participate in the proposed settlement, you do not need to fill out this form or any other form.

If you do want to be <u>excluded</u>, fill out this form and mail it by _____, 2012 to both:

Penn Dodson  
GOLDBERG & DOHAN, LLP  
275 Madison Ave., Ste. 705  
New York NY 10016

Clerk of Court  
US DISTRICT COURT  
500 Pearl Street  
New York, NY 10007

*I want to be excluded from the class-action lawsuit.* *I understand that this lawsuit seeks wages that may be owed to me under New York Labor Law.*

Date: _____

_____  
Signature

_____  
Print Name