UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANDERSON A. PEREZ and JUAN CARLOS PEREZ,
*on behalf of themselves and others similarly situated,*

                                        Plaintiffs,

                    -v-

JUPADA ENTERPRISES, INC., *d/b/a McDonald's*;
DETAIL SYSTEMS, INC., *d/b/a McDonald's*; and
DAVID MOYETT, *an individual,*

                                        Defendants.
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/13/12

10 Civ. 3118 (JMF)

MEMORANDUM
OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

On November 20, 2012, the Court conducted a Fairness Hearing in this matter. For the reasons stated on the record at the Hearing, the Court directed the parties — on consent — to submit a supplemental settlement agreement and supplemental notice form allowing potential class members who had previously opted out of the settlement agreement a second chance to opt in. The Court has reviewed and hereby approves as fair, reasonable, and adequate the parties' supplemental settlement agreement and supplemental notice form, both of which are attached to this Memorandum Opinion and Order. Accordingly, and for the reasons stated on the record at the November 20, 2012 Fairness Hearing, Plaintiffs' unopposed motion for class certification, final approval of the New York Labor Law ("NYLL") class settlement, and final approval of the Fair Labor Standards Act ("FLSA") settlement is hereby granted.

The only remaining issue is Class Counsel's November 20, 2012 motion for attorneys' fees and costs. (Docket No. 94). Plaintiffs' counsel seeks approval for fees equivalent to 33% of

the settlement fund ($35,145)[1] and costs in the amount of $2,271, for a total of $37,416.  (*See id.*;

Settlement Agreement, ¶ IV.D. (Docket No. 34-2)).

"In wage-and-hour class actions, courts employ either a 'percentage of the fund' or

lodestar approach to determining appropriate fees . . . ."  *Febus v. Guardian First Funding*

*Group, LLC*, 870 F. Supp. 2d 337, 337 (S.D.N.Y. 2012).  "The trend in this Circuit is to use the

percentage of the fund method to compensate attorneys in common fund cases like this one."

*Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214 (DAB), 2011 WL 6268216, at *7 (S.D.N.Y.

Dec. 13, 2011) (citing *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)).

Courts in this Circuit have "routinely granted requests for one-third of the fund in cases

in which the settlement funds were substantially larger than this one."  *Johnson v. Brennan*, No.

10 Civ. 4712 (CM), 2011 WL 4357376, at *19 (S.D.N.Y. Sept. 16, 2011) (collecting cases with

funds well in excess of $106,500).  In fact, "[t]he modest size of the [$106,500] settlement

weighs in favor of granting the requested fee award of 33% of the common fund."  *Id.* (holding

that a $440,000 settlement was modest in size (citing *deMunecas v. Bold Food, LLC*, No. 09 Civ.

00440 (DAB), 2010 WL 3322580, at *8 (S.D.N.Y. Aug. 23, 2010))).  Despite the routine nature

of the request, the Court has reviewed Class Counsel's motion and related submissions carefully,

paying close attention to the six factors outlined by the Second Circuit.  *See Goldberger v.*

*Integrated Res. Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (explaining that "district courts should

continue to be guided by the traditional criteria in determining a reasonable common fund fee,

including: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the

litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee

---

[1]     In both the motion for attorneys' fees and the memorandum of law in support of the
motion, Class Counsel requests attorneys fees "in the amount of 33% ($42,600) and costs in the
amount of $2,271, for a total of $44,871."  (Mem. Law 1 (Docket No. 95)).  As Class Counsel
conceded, however, $42,600 is significantly greater than 33% of the $106,500 settlement.  The
Court has adjusted the figures appropriately downward.

in relation to the settlement; and (6) public policy considerations." (quotation marks and citation omitted)).

Based on this review, the Court concludes that Class Counsel's request for $35,145 in attorneys' fees (33% of the $106,500 fund) is reasonable. Among other things, that figure is considerably less than Class Counsel's lodestar fee, which would amount to almost $70,000. *See Johnson*, 2011 WL 4357376, at *21 (holding that "[c]ompared to the multipliers of two to six times lodestar that are regular[ly] awarded in this district," a request for approximately 75% of the lodestar "is well within the range of reasonable"); *cf. In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262 (RWS), 2002 WL 31663577, at *27 (S.D.N.Y. Nov. 26, 2002) (explaining that a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit"). The Court further concludes that Class Counsel's request for reimbursement of $2,271 in out-of-pocket expenses to be paid from the fund is reasonable. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." (quoting *Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993)) (internal quotation marks omitted)). Accordingly, Class Counsel's motion for attorneys' fees and costs is hereby granted.

For the foregoing reasons, Plaintiffs' unopposed motion for certification of the settlement class, final approval of the NYLL class settlement, and final approval of the FLSA settlement is GRANTED. (Docket No. 92). Plaintiffs' motion for attorneys' fees in the amount of $35,145 (33% of the fund), and costs in the amount of $2,271, is also GRANTED. (Docket No. 94).

The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the parties, and the Settlement Class, for the purposes of supervising the implementation, effectuation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.  This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: December 13, 2012
     New York, New York

_____
JESSE M. FURMAN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDERSON A. PEREZ and
JUAN CARLOS PEREZ,
on behalf of themselves and others similarly
situated,

PLAINTIFFS,

v.

FILE NO. 1:10-CV-03118-JMF

JUPADA ENTERPRISES, INC., d/b/a
McDonald's;
DETAIL SYSTEMS, INC., d/b/a McDonald's;
DAVID MOYETT, an individual,

DEFENDANTS.

## SUPPLEMENTAL SETTLEMENT AGREEMENT

This Supplemental Joint Settlement Agreement (the "Supplemental Agreement") is entered into by and between the Named Plaintiffs (as defined in the Joint Settlement Agreement filed July 10, 2012, hereinafter "Original Agreement")) and the Class Members (as defined in the Original Agreement) whom they seek to represent, and Defendants (as defined in the Original Agreement).   To the extent the Supplemental Agreement differs from and/or contradicts the Original Agreement, the Supplemental Agreement shall control and supersede the Original Agreement.

## I.   SUPPLEMENTAL RECITALS

WHEREAS, the above-captioned lawsuit was settled by the Original Agreement filed on July 10, 2012; and

WHEREAS, the Named Plaintiffs subsequently asserted that Class Members who had submitted Exclusion Requests had not done so voluntarily and had been pressured to do so; and

WHEREAS, Defendants deny and continue to deny all of the procedural and substantive allegations made by Plaintiffs in the Litigation (as defined in the Original Agreement), further deny that Defendants pressured any individuals and maintain that all Class Members who submitted Exclusion Requests did so voluntarily; and

1

WHEREAS, Plaintiffs and Defendants agreed at the Supplemental Hearing held on November 20, 2012 to settle any remaining disputes concerning the Original Agreement by supplementing that Agreement, issuing a Supplemental Notice, and providing all Class Members who submitted an Exclusion Request an additional opportunity to participate in the settlement;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in the Original Agreement and this Supplemental Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to enforcement of the full and complete settlement of the Litigation as specified in the Original Agreement, supplemented by the following terms and conditions:

## II.   SUPPLEMENTAL DEFINITIONS

Exclusion Request:  The term "Exclusion Request" shall refer to the letters submitted by the Class Members in a timely manner opting out of and requesting to be excluded from the Original Agreement.

Excluded Class Members:  "Excluded Class Members" shall mean those Class Members who submitted a copy of the Exclusion Request form in connection with the Original Agreement.

Supplemental Hearing:  "Supplemental Hearing" shall refer to the hearing held on November 20, 2012 before Judge Jesse M. Furman, U.S.D.J.

## III.   SUPPLEMENTAL SETTLEMENT TERMS

Any Class Member who signed and submitted a copy of the Exclusion Request form that was included with the official Notice that was sent out in this litigation will be given another opportunity to participate in the settlement.  In lieu of receiving a new Opt-Out period, each Excluded Class Member will receive a Supplemental Notice (in the form attached hereto as Exhibit A); a personalized letter signed by David Moyett (in the form attached hereto as Exhibit B); and one (or two) actual check(s) in the amount the Class Member would have received if he/she had not submitted an Exclusion Request, all at the same time as checks are distributed to Class Members who did not submit an Exclusion Request.

These Excluded Class Members may participate in the Settlement by cashing the check (or checks) for their allocated share of the Net Settlement Fund. As to Excluded Class Members who receive only one check, if they cash that check their previous Exclusion Request will be nullified and the Excluded Class Member will thereby be deemed to have agreed to be bound by the terms of the Settlement, including relinquishing any rights to sue the Defendants under state or federal law, as specified in the Original Agreement. Excluded Class Members who receive two checks will be deemed to have agreed to be bound by the terms of the Settlement, including relinquishing any rights to sue the Defendants under state or federal law, as specified in the Original Agreement, regardless of whether they cash one or both of the checks they receive. Notice of this provision will be included in the Supplemental Notice to be sent to all Excluded Class Members.

Excluded Class Members may also choose to continue to refuse to participate in the Settlement by not cashing the check (or checks) they receive.  If they do so, they will be considered to have waived no rights related to the claims asserted in the Complaint in this matter.

## IV.   TIME IS OF ESSENCE

TIME IS OF THE ESSENSE WITH THIS SUPPLEMENTAL AGREEMENT

IN AGREEMENT HERETO, the Parties set their hand and seal.

_____          _____
Anderson Perez                           Date
Named Plaintiff

_____          _____
Juan Carlos Perez                        Date
Named Plaintiff

_____          _____
David Moyett                             Date
For Jupada Enterprises Inc.
Defendant

_____          _____
David Moyett                             Date
For Detail Systems Inc.
Defendant

_____          _____
David Moyett                             Date
In his Individual Capacity
Employer

Approved as to form:


_____
Penn Dodson, Esq.
Class Counsel


_____
Christopher Mills, Esq.
Counsel For Defendants

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ANDERSON A. PEREZ** and **JUAN CARLOS PEREZ,** on behalf of themselves and others similarly situated, | |
| **PLAINTIFFS,** | |
| v. | **FILE NO. 1:10-CV-03118-JMF** |
| **JUPADA ENTERPRISES, INC.,** d/b/a McDonald's; **DETAIL SYSTEMS, INC.,** d/b/a McDonald's; **DAVID MOYETT,** an individual, | |
| **DEFENDANTS.** | |

# SUPPLEMENTAL NOTICE BY FEDERAL COURT

## TO:   CURRENT & FORMER EMPLOYEES OF McDONALD'S RESTAURANTS OWNED BY JUPADA ENTERPRISES OR DETAIL SYSTEMS WHO PREVIOUSLY SUBMITTED EXCLUSION REQUESTS

### Why Are You Receiving This Notice?

You worked for a McDonald's restaurant located either at 1 West Mt. Eden Ave., Bronx, New York 10452 (affiliated with Jupada Enterprises and/or David Moyett) or 2065 Jerome Ave., Bronx, New York 10453 (affiliated with Detail Systems, Inc. and/or David Moyett) at some time from April 14, 2004 to the present.  Jupada and Detail and David Moyett are called "Defendants" in the rest of this Notice.

That made you a member of a class that was eligible to receive a payment from a Settlement, which had been tentatively approved by a federal court, in a class and collective action related to alleged failure to correctly pay overtime and other wages.

1

You were sent an initial Notice of the Settlement, which explained your rights under that Settlement. An Exclusion Request was included with the Notice. The Notice explained to you that people who signed Exclusion Requests would be stating that they didn't want to participate in the proposed settlement or receive any money from it. People who signed the Exclusion Requests would keep their right to sue Defendants for the claims covered by the lawsuit.

You signed and submitted an Exclusion Request.

After the period when Exclusion Requests could be submitted, the lawyer for the plaintiffs (Anderson and Juan Carlos Perez), who had been designated to represent all the Class Members and referred to as Class Counsel, asserted that people who had submitted Exclusion Requests, like you, had not done that voluntarily but had been pressured to do so.

Defendants denied that anyone had been pressured and said that everyone who had submitted Exclusion Requests had done so voluntarily.

At a Court Hearing on November 20, 2012, Plaintiffs and Defendants agreed to settle that dispute by giving everyone who submitted an Exclusion Request a second chance to participate in the settlement, under the following procedure.


## Your "Second Chance" Procedure

You and everyone else who submitted an Exclusion Request are receiving this Supplemental Notice and an actual check (or two checks, depending on how much money you would receive), in the same amount you would have received if you had <u>not</u> submitted the Exclusion Request.

You now have a second chance to decide whether to participate in the settlement.

If you want to participate and take the money you are eligible for under the settlement, you may just cash the check (or checks) that are enclosed with this Notice.

- **What If You Cash the Check (or Checks)?**

If you cash the check (or checks), your previous request to be excluded from the settlement will be reversed, and you will be agreeing to be bound by the terms of the settlement. That means that you are giving up any right to sue the Defendants – under either New York or federal law – for the claims that are covered by the Settlement and related to the covered time period, just as if you had never submitted an Exclusion Request in the first place.

IMPORTANT NOTE: If you receive two checks and for some reason you only cash one of them, you will still be considered to have agreed to be bound by the terms of the settlement and will be giving up your right to sue the Defendants.

- **What If You Don't Cash the Check (or Checks)?**

If you do not want to take any money from the Settlement – either because you are morally or religiously opposed to lawsuits, or because you do not believe defendants did anything wrong, or because you want to preserve your rights to sue the Defendants on your own behalf, or for any other reason, you are not required to.

If you do not cash the check (or checks) that have been sent to you, the request to be excluded from the settlement that you signed will continue to be effective. You will keep your rights under both federal and state law to sue Defendants for the claims covered by the settlement and related to the covered time period.

If you would rather file your own lawsuit to recover wages you think you are owed for the time period at issue, you should not cash your check (or checks). Be aware, however, that there are time limits for filing these lawsuits. So if your overtime work was a long time ago, there is a chance you might not be able to bring your claim. (If you have any questions about this you can call or email the lawyer for the Class at the address listed below.)

IMPORTANT NOTE: If this is what you want to do, you should not merely throw the check away – you should destroy it, such as by tearing it up into many small pieces, so that no one else could cash it if it was found in the trash.

## Whatever You Decide to Do Is Fine.

Retaliation for anybody's decision to participate in a claim or settlement like this is illegal and Jupada, Detail Systems and David Moyett, and all of the managers at their McDonald's restaurants have no intention of violating those laws. They understand that they may not do anything to interfere with or stop you from cashing your check, or retaliate against you (do something bad to you) just because you decide to cash your check (or checks).

## Contact Information for Class Counsel

If you have any questions about this Supplemental Notice, you can email or call the lawyer who brought this case (who has been designated Class Counsel), Penn Dodson, 212.961.7639, *penn@sunnysidelaw.com*. Do not call or write the Court or the Clerk's Office with questions.

3